## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**MCLAUGHLIN LAW FIRM, INC.**                           **PLAINTIFF**

**V.**                  **CIVIL ACTION NO. 1:24-CV-211-MPM-RP**

**AMERIHOME MORTGAGE COMPANY, LLC**            **DEFENDANT**

### ORDER DENYING MOTION FOR LEAVE TO AMEND

This matter is before the court on the plaintiff's Motion for Leave to File Second Amended Complaint seeking to join an additional defendant. ECF 53. The defendant opposes the motion. The court finds that the motion is not well taken and should be denied.

### Procedural Background

The plaintiff, McLaughlin Law Firm, Inc. ("McLaughlin"), brought this action against the defendant AmeriHome Mortgage Company, LLC ("AmeriHome") to recover a portion of settlement proceeds that McLaughlin obtained on behalf of a client in a coverage dispute with the client's homeowner's insurer. Settlement checks arising from the resolution of said dispute named AmeriHome, the client's mortgagee, as a co-payee. McLaughlin claims that it provided the checks to AmeriHome "in trust" under the condition that AmeriHome promptly remit to McLaughlin the sum of $34,000—a sum which McLaughlin attributes to attorney fees earned in obtaining the settlement on behalf of its client. Alleging that AmeriHome has wrongly withheld the $34,000 payment, McLaughlin's complaint asserted causes of action under the common law torts of conversion and breach of constructive trust. On June 3, 2025, and over AmeriHome's objection, the court granted McLaughlin leave to amend its complaint to add a breach of contract claim. McLaughlin now seeks leave to amend yet again, this time to join as an additional defendant AmeriHome's subservicer of the subject mortgage loan, Cenlar, FSB. AmeriHome

argues the motion should be denied as untimely.  The court agrees.

### Law and Analysis

The plaintiff's motion comes nearly ten months after the May 19, 2025 deadline for such motions set forth in the case management order.  Untimely motions to amend are governed by Federal Rule of Civil Procedure 16(b), which requires a showing of "good cause" to modify the scheduling order.  *S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003).  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *S&W Enterprises, LLC,* 315 F.3d at 535 (quoting 6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1522.1 (2d ed. 1990)).   Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave.  *Id.* at 536.  In exercising its discretion whether to modify the scheduling order, the court will consider the following factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *Id.* at 536.

"Courts generally view the factors holistically, but particularly egregious errors by a party seeking to amend her pleading may be dispositive."  *Arrendondo v. SunLife Power LLC,* No. EP-22-CV-00299-DCG, 2023 WL 4939393, at *2 (W.D. Tex. Aug. 2, 2023) (citing *EEOC v. Service Temps Inc.,* 679 F.3d 323, 334 (5th Cir. 2012) (finding it squarely within district court's discretion to find that plaintiff's failure to account for delay in moving to amend is dispositive and outweighs other three factors for assessing good cause)).  A party's failure to meet the threshold showing that he could not reasonably meet the deadline despite his diligence is sufficient reason to affirm the denial of a motion

to amend without engaging in the remainder of the four-factor analysis. *Banks v. Spence,* 114 F.4th 369, 371 (5th Cir. 2024) (citing *Olivarez v. T-Mobile USA, Inc.,* 997 F.3d 595, 602 (5th Cir. 2021) and *Marable v. Department of Commerce,* 837 F. App'x 836, 838 (5th Cir. 2021) (per curiam)).

In the present case, in explanation of its inability to meet the May 19, 2025 deadline for motions to amend, McLaughlin asserts that it only learned of Cenlar's involvement in this matter as AmeriHome's subservicer of the subject mortgage loan when AmeriHome provided this information in interrogatory responses on March 3, 2026. However, AmeriHome points out in response that McLaughlin was aware of Cenlar's role in this matter long before the subject deadline.

As shown in documentation provided by AmeriHome, McLaughlin and Cenlar communicated with one another about this lawsuit before AmeriHome even removed or answered it, in which communications Cenlar identified itself as the subservicer of the subject mortgage loan. Thereafter, in its Rule 26(a)(1) disclosures served on March 4, 2025, AmeriHome identified Cenlar as follows:

> Cenlar was the subservicer of Ms. Clayton's loan and attorney-in-fact for AmeriHome. Cenlar may have knowledge regarding communications with Ms. Clayton, her instructions for the application of insurance proceeds, the payment made to Ms. Clayton, and communications with Plaintiff.

Further, in a judicial settlement conference with the undersigned on April 14, 2025, a representative of Cenlar participated as the individual with authority to settle this case on behalf of AmeriHome.[1] McLaughlin does not contradict any of the foregoing by way of any rebuttal.

It is apparent that McLaughlin had ample notice of Cenlar's role in this matter before the deadline for motions to amend, and McLaughlin's explanation for its inability to meet the deadline is unavailing. The court finds that McLaughlin's failure to meet the threshold showing that it could not reasonably meet the deadline despite its diligence is dispositive without regard

---

[1]Although the court's docketed minutes reflect only the attorneys who participated in the settlement conference, the court's confidential records pertaining to the settlement conference confirm the participation of Cenlar's representative.

to the other three factors, which are nonetheless considered below.

As to the importance of the proposed amendment, and without addressing the merits of McLaughlin's proposed claims against Cenlar, the court assumes that this factor weighs in the plaintiff's favor. "Even so, the importance of the amendment 'cannot singularly override the enforcement of local rules and scheduling orders.'" *Frankl v. Netopia, Inc.,* No. 3:05-CV-1757-B, 2007 WL 9712230, at *3 (N.D. Tex. Sep. 25, 2007) (quoting *Hamburger v. State Farm Mut. Auto Ins. Co.,* 361 F.3d 875, 883 (5th Cir. 2004)).

As to the potential prejudice to AmeriHome in allowing the amendment, there is less than a month remaining in the discovery period. Allowing McLaughlin to join an additional defendant at this point would require a lengthy extension of discovery, would cause AmeriHome to incur significant additional expense defending this case, and would result in significant delay of the resolution of this case. Finally, as to the availability of a continuance, the trial of this case has been continued once already, and another continuance would not cure the prejudice to AmeriHome given its nature.

## Conclusion

For these reasons, McLaughlin's Motion for Leave to File Second Amended Complaint [ECF 53] is DENIED.

**SO ORDERED**, this, the 1st day of May, 2026.

/s/ Roy Percy_____
UNITED STATES MAGISTRATE JUDGE